UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, ) | CV F 05 0236 REC LJO HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION WITH |
| ) | LEAVE TO AMEND |
| v. ) | |
| ) | [Doc. #1] |
| ) | |
| JAMES YATES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On February 17, 2005, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

<u>B.  Illegible Petition</u>

Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u> 908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] shall specify all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. It shall also state the relief requested.  The petition shall be *typewritten or legibly handwritten* and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

The majority of the instant petition is illegible. Commencing with page nine, the typewriting is so faint that it cannot be read.  Therefore, the petition must be dismissed. Petitioner will be given an opportunity to file an amended petition curing this deficiency.  Petitioner is advised that failure to file a legible petition within the time allotted will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order.

IT IS SO ORDERED.

**Dated:    April 21, 2005**                          **/s/ Lawrence J. O'Neill**
b9ed48                                               UNITED STATES MAGISTRATE JUDGE