# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>      Petitioner,<br><br>    v.<br><br>JAMES YATES,<br><br>      Respondent. | CV F 05 0236 REC LJO HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND ALTERNATIVE MOTION REQUESTING AN ORDER DIRECTING KINGS COUNTY CLERK TO FURNISH DOCUMENTS [Doc. #11]<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM PETITION<br><br>ORDER GRANTING EXTENSION OF TIME [Doc. #10] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On February 17, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On April 21, 2005, the Court conducted a preliminary review of the petition, found it to be illegible, dismissed it, and ordered Petitioner to file a legible petition.

      On May 3, 2005, Petitioner responded to the Court's order by filing a motion seeking discovery, or in the alternative, a motion requesting an order from the Court directing the Kings County Clerk to produce a copy of his state court pleadings. Petitioner states that he does not have a legible copy of his state court petition. He states that the Kings County Clerk would be in possession of a legible copy. He requests that this Court either open discovery to inquire into the matter with the

state court or issue an order directing the state court to produce legible copies of his petition.

Petitioner has not shown good cause for leave to open discovery or for an order directing the Kings County Clerk to produce records. It is not the Court's duty to locate and procure Petitioner's habeas petition. If Petitioner desires copies of state records from the state courts, he must make that request directly to the state courts himself.  In a federal habeas action, it is unquestionably Petitioner's responsibility to present a habeas petition which "specif[ies] all the grounds for relief available; state[s] the facts supporting each ground; [is] printed, typewritten, or legibly handwritten; and [is] signed under penalty of perjury by the petitioner . . . ." Rule 2(c), Rules Governing Section 2254 Cases.  In addition, "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 2(d), Rules Governing Section 2254 Cases. In this district, a form petition is made available to petitioners without charge by the Clerk of Court; said form will be provided to Petitioner in this case. Surely, Petitioner is familiar with the claims he wishes to raise. He need only specify each claim in the form petition and provide a brief, concise statement of facts in support thereof.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion for discovery is DENIED;

2. Petitioner's alternative motion for an order directing the Kings County Clerk to produce records is DENIED;

3. The Clerk of Court is DIRECTED to send Petitioner a blank form habeas petition; and

4. Petitioner is GRANTED an extension of time of thirty (30) days from the date of service of this order to file an amended petition.

Failure to comply with this order may result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

**Dated:   June 14, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE