# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES YATES,<br><br>　　　　Respondent. | CV F 05 0236 REC LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On February 17, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On April 21, 2005, following a preliminary review of the petition, the Court found the petition to be illegible. Petitioner was granted leave to file a legible petition. On May 3, 2005, Petitioner replied to the Court's order requesting that the Court issue an order directing the Kings County Court Clerk to produce a copy of his state court petition. On June 15, 2005, Petitioner's motion was denied. Petitioner was granted additional time to and including July 18, 2005 to file a legible petition.

On August 8, 2005, the undersigned issued a Findings and Recommendation that

1  recommended the petition be dismissed for failure to comply with a court order. On August 29,
2  2005, Petitioner filed objections to the Findings and Recommendation. Petitioner stated that he did
3  not receive the Court's order of June 15, 2005.  Therefore, on September 15, 2005, the undersigned
4  vacated the Findings and Recommendation and granted Petitioner another extension of time to file
5  an amended petition. The deadline for submitting an amended petition was set for October 20, 2005.
6  As of this date, Petitioner has failed to do so.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

   Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Illegible Petition

   Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c)(4) of the Rules Governing Section 2254 Cases states: "The petition must: be printed, typewritten, or legibly handwritten." The majority of the instant petition is illegible. Commencing with page nine, the typewriting is so faint that it cannot be read.  Petitioner has already been granted leave to file a legible petition; however, he has not done so. Therefore, the petition must be dismissed.

**RECOMMENDATION**

   Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

   This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

1  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.
3      Within thirty (30) days after being served with a copy, any party may file written objections
4  with the court and serve a copy on all parties. Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
6  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
7  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
8  parties are advised that failure to file objections within the specified time may waive the right to
9  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 IT IS SO ORDERED.
11 **Dated:    November 10, 2005**              **/s/ Lawrence J. O'Neill**
   b9ed48                                        UNITED STATES MAGISTRATE JUDGE